```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                               *
RLI INSURANCE COMPANY          *
                               *
          Plaintiff,           *
                               *
                               *
                               *
v.                             *   CIVIL NO.: WDQ-05-02616
                               *
JOHN H. HAMPSHIRE, INC.,       *
                               *
and                            *
                               *
LIBERTY MUTUAL INSURANCE CO.,  *
                               *
          Defendants.          *
                               *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, RLI Insurance Company ("RLI") has sued John H. Hampshire, Inc. ("Hampshire") and Liberty Mutual Insurance Company ("Liberty Mutual") for damages relating to the improper installation of an exterior facade on a building on Towson University's campus.

In its original Complaint, RLI alleges that Hampshire and Liberty Mutual breached a subcontract and performance bond. *See* 9/21/05 Complaint. As a result, RLI seeks monetary damages, indemnification and contribution.

RLI now seeks to add The Barton Malow Company ("Barton Malow"), the general contractor, and Whitman Requardt & Associates,

1

LLP ("Whitman"), the architect, as defendants. RLI contends that it did not discover until January 2006 that Barton Malow and Whitman inspected and approved Hampshire's work. *See* Mot. at p. 4. The deadline for joinder of additional parties and amendment of the pleadings expired on December 23, 2005. *See* 11/8/05 Order.

Pending is RLI's motion for leave to file an amended complaint and extension of deadlines. For the following reasons, RLI's motion will be granted.

## ANALYSIS

A.     Motion for Leave to File First Amended Complaint and Extend Deadlines

    1.    Standard of Review

Motions to amend are to be granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility. *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) *(citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Defendants argue that had RLI properly investigated its claims prior to filing its complaint, it would have known that Barton Malow and Whitman were proper defendants. Therefore, it contends that RLI's attempt to now add additional defendants is unduly delayed. Rule 15(a) requires the filing of amendments "as soon as the necessity for altering the pleading became apparent." *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987). In late January

2

2006, RLI discovered that Barton Malow and Whitman inspected Hampshire's work.  RLI filed this motion shortly thereafter.

Even assuming that RLI's failure to timely investigate constitutes undue delay, delay alone is insufficient for a denial of leave.  *See id.* at 40.  Recognizing that delay alone is insufficient, the Defendants also argue that adding additional defendants would be unduly prejudicial.  RLI, however, filed this motion before the Court scheduled a trial date, the filing of any dispositive motions, and before close of discovery.  *See Naden v. SAGA Software, Inc.*, slip. op at *4, *available at* 2001 U.S. App. LEXIS 13353 (4th Cir. 2001) (denying motion for leave filed four months after deadline for amendment of pleadings and filing of motion for summary judgment); *Jones Eng'g Sales, Inc. v. Faulkner/Baker and Assocs., et al.*, No. 98-2011, No.98-2084, 1999 U.S. App. LEXIS 26920, at *8-10(4th Cir. Oct. 26, 1999) (denying motion for leave filed after the close of discovery and on the eve of trial). Therefore, the Defendants have failed to show undue prejudice.

Alternatively, the Defendants contend that RLI's motion to amend should be denied because the deadline for amending the pleadings has passed.  Scheduling orders, however, are not set in stone and may be relaxed for good cause, extraordinary circumstances, or in the interest of justice.  *Barwick v. Celotex Corp.*, 736 F.2d 946, 954 (4th Cir. 1984). Judicial economy would be promoted in allowing RLI to amend its complaint and litigate its

3

claims in one action.  Accordingly, RLI's motion for leave to amend and extension of deadlines will be granted.[1]


CONCLUSION

For the reasons discussed above, RLI's motion for leave to amend and extension of deadlines will be granted.


April 6, 2006                         /s/
Date                         William D. Quarles, Jr.
                             United States District Judge

---

[1] RLI also seeks an extension of the discovery deadlines to afford discovery to and from the newly joined parties.  The parties shall submit a proposed joint modified scheduling order.