IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                    *
RLI Insurance Company
                                    *
      Plaintiff
                                    *
v.
                                    *      CIVIL NO.: WDQ-05-2616
JOHN H. HAMPSHIRE, INC.
ET AL.,                             *

      Defendants                    *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

This diversity case involves claims related to a Towson University construction project (the "Project").  RLI Insurance Company, issuer of a performance bond, ("RLI") has sued, *inter alia*,[1] Whitman Requardt & Associates, LLP, architect for the Project, ("WRA") for negligence, contribution and common-law indemnity under Maryland common law in their inspection and supervision of the subcontractors involved in the Project.

Pending is WRA's motion to dismiss.  For the following reasons, the motion will be granted.

I.   Background

In May 2003, RLI and Architectural Facades Incorporated ("AFI") entered into an Agreement of Indemnity.  Am. Compl. ¶ 1.

---

[1]RLI has also sued John H. Hampshire, Inc., a subcontractor on the Project, Liberty Mutual Insurance Company ("Liberty"), Hampshire's surety, and Barton Malow, the general contractor for the project.  Barton filed a counterclaim on Mar. 30, 2006.

Under the agreement, RLI issued a performance bond for the Project in which AFI was responsible for exterior panel work. Am. Compl. ¶ 3.  This agreement also assigned to RLI all AFI's rights, claims, causes of action and contracts to the extent that RLI suffered losses from performance or payment of bonds issued on AFI's behalf.  Am. Compl. ¶ 2.  AFI, in turn, subcontracted with defendant John H. Hampshire, Inc. ("Hampshire") to construct the panels.  While AFI began installing the panels, it fell behind and with the approval of the general contractor, Barton Malow ("Barton"), engaged Hampshire to assist AFI further.  Am. Compl. ¶ 6.  Between March 10, 2003 and June 2, 2003, Barton declared AFI in default and AFI abandoned its work.  Am. Compl ¶ 7.  The work under AFI's subcontract was completed by Hampshire and was inspected by WRA and accepted by Barton and Towson University.

In 2004, Towson University determined that six percent of the panels were not properly installed, and some panels fell off the building.  Am. Compl. ¶ 10.  Fixing the improperly installed panels required removing all of the panels, which RLI agreed to arrange.  Am. Compl. ¶ 11.  When Hampshire refused to do the work RLI engaged another contractor for the reinstallation.  Am. Compl. ¶ 19.

RLI alleges that WRA had the duty to inspect and supervise the work of all contractors and failed to do so.  Am. Compl.,

Count 4 ¶¶ 2, 4.  This failure, RLI alleges, breached WRA's

standard of professional conduct and caused damage to the

building and required the panels to be replaced.  Am. Compl.,

Count 4 ¶ 5.  RLI also alleges that, "[t]o the extent RLI, as

AFI's surety, may be liable . . .to Towson University for the

improper installation of the panels, it is entitled to

contribution and common-law indemnity from [*inter alia*][2] [WRA]."

Am. Compl., Count 8 ¶ 2.  RLI brought this action on February 25,

2006.

II.  Analysis

　　　WRA has moved to dismiss, arguing that: 1) RLI has failed to

state a negligence claim and 2) RLI has improperly stated a claim

for contribution or indemnity.

　　　RLI counters that: 1) RLI, as surety, was entitled to rely

on WRA's services; and 2) WRA owed RLI a duty because WRA's

inaction resulted in a dangerous condition.

A.    Standard of Review

　　　Under Rule 12(b)(6), a motion to dismiss should be granted

"only if it is clear that no relief could be granted under any

set of facts that could be proved consistent with the

allegations."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514

(2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

---

[2]This allegation also included defendants Hampshire, Barton and Liberty.

(1984)), *Mylan Laboratories, Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D. Md. 1997) *aff'd* 151 F.3d 180 (4th Cir. 1998).  The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id.*

B.   Negligence

To prove negligence under Maryland law, a plaintiff must prove that: 1) the defendant was under a duty to protect the plaintiff from injury; 2) the defendant breached that duty; (3) the plaintiff suffered actual injury or loss; and (4) the loss or injury proximately resulted from the defendant's breach of the duty.  *Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999).

WRA argues that it owes no duty to RLI as surety for AFI and is not liable to RLI for negligence.  RLI counters that WRA owes a duty to RLI 1) as a beneficiary of some unidentified contract; or 2) under the equivalent of privity because the negligence caused a dangerous condition.

In Maryland, the existence of a legal duty is a question of law to be decided by the court.  *Doe v. Pharmacia & Upjohn Co.,*

4

*Inc.*, 388 Md. 407, 414 (2005).  In the absence of a duty of care,
there can be no liability in negligence.  *Walpert, Smullian &
Blumenthal, P.A. v. Katz, et al.*, 361 Md. 645, 655 (1998).  "[I]f
the risk created by negligent conduct is no greater than one of
economic loss, generally no tort duty will be found absent a
showing of privity or its equivalent."  *Jacques v. First National
Bank*, 307 Md. 527, 537 (1986).

Since RLI has suffered only economic loss and has alleged
neither a contractual nor a third party beneficiary relationship
with WRA,[3] a tort duty will exist only if there is an equivalent
of privity.

RLI argues that a duty exists because the totality of the
circumstances suggests that RLI was entitled to rely on WRA's
proper inspection and supervision of AFI and Hampshire.  RLI

---

[3]With respect to RLI has alleged only that:
(1) "[WRA] in its role as architect, approved the design of the panel
assembly and installation and had the duty to inspect the work of all
contractors, including AFI and Hampshire, to ensure that the work was done
according to the contract and its approved design and specifications as a
prerequisite to each contractor receiving payment."  Am. Compl., Count 4 ¶ 2.
(2) "As a matter of law, [WRA] . . .owed a duty to AFI and to RLI, as
AFI's surety, (and as a foreseeable plaintiff) to perform its inspections and
supervision of AFI's and Hampshire's installation work, in accordance with the
plans and specifications set forth in AFI's Subcontract, as incorporated into
Hampshire's Completion Agreement with Barton [] and RLI." Am. Compl., Count 4
¶ 4.
(3) "[WRA] . . .breached its duties owed to AFI and RLI, due to their
failure to properly supervise and inspect the installation of the panels."
Am. Compl., Count 4 ¶ 5.
(4) "[WRA] . . .breached the standards of professional conduct
applicable to [its] profession[] of architecture."
(5) "RLI is a foreseeable plaintiff to whom [WRA] and Barton [], in
addition to Hampshire and Liberty, owed these contractual and other duties."
Am. Compl., Count 4 ¶ 8.

asserts that, in a similar situation,[4] the Supreme Court of

Missouri noted that there was no privity of contract between

architect and surety and that the construction project involved

several interrelated agreements designed to complete

construction.  *Westerhold v. Carroll*, 419 S.W.2d 73, 78 (Mo.

1967).  The court then concluded that the work of the contractors

was so related that the inspection and supervision requirements

imposed upon the architect were as much for the protection of the

surety as for the owner.  *Id.* at 78-79.

In Maryland, the intimate nexus required between plaintiff

and defendant in cases involving only economic loss is satisfied

by contractual privity or its equivalent.  *Jacques*, 307 Md. at

534-35.  In *Jacques*, the court reviewed and relied on *Glanzer v.*

*Shepard*, 233 N.Y. 236 (1922) and *Ultramares Corp. v. Touche*, 255

N.Y. 170 (1931) in its consideration of the existence of tort

duties in economic loss cases.  In *Glanzer*, the issue was whether

a public weigher of beans, engaged and paid only by the seller,

was liable to the buyer of the beans for negligent weighing.  The

weigher was liable, despite having no contract with the buyer.

The *Jacques* court identified the buyer as the *known and intended*

*beneficiary* of the contract between the seller and the weigher

---

[4]The issue, as framed by the court, was "whether in the absence of
privity of contract the facts stated in the petition imposed upon [the
architect] a legal duty to the surety to exercise ordinary care in executing
the certificates called for in the construction contract."

and, therefore, an implicit beneficiary of their contract.
*Jacques*, 307 Md. at 535-36.

In *Ultramares*, the issue was whether a public accountant
engaged and paid by a corporation was liable to a third party
that made loans to the corporation in reliance on balance sheets
prepared by the accountant.  The accountant was not liable.  The
Maryland court noted that the relationship between the
accountants and the indeterminate class of persons who might rely
on the financial information was less intimate than that between
weigher and buyer in *Glanzer*.  *Jacques*, 307 Md. at 536.

RLI has identified no WRA contractual relationship that was
intended to benefit the surety or the contractor.  No intimate
nexus between WRA and RLI has been pled.  Given Maryland's clear
reliance on and exposition of its Economic Loss doctrine and its
attendant requirement of an 'intimate nexus,' this Court also
declines to apply *Westerhold*.

The duty of architects to use due care in their inspection
extends "to those persons foreseeably subjected to the risk of
personal injury created."  *Council of Co-Owners Atlantis
Condominium, Inc. et al. v. Whiting-Turner Contracting Co. et
al.*, 308 Md. 18, 32 (1986).  Even if injury does not occur, an
action will lie to recover the reasonable cost of correcting the
dangerous condition.  *Id*. at 35.  RLI's allegation that some of
the improperly installed panels fell is a sufficient allegation

7

of a dangerous condition.  Am. Compl. ¶ 10.

WRA's duty, vel non, to Towson University for the costs of correcting a dangerous condition created by AFI did not create a duty to AFI's surety.  Absent a duty owed by WRA, RLI's allegations do not state a negligence claim.

C.    Contribution and common-law Indemnity

RLI presents a non-justiciable claim for contribution or common-law indemnity because the cause of action is not ripe. "[T]he question of ripeness may be considered on a court's own motion."  *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807 (2003).

"A claim is justiciable if the 'conflicting contentions of the parties. . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'"  *Miller v. Brown*, 2006 WL 2497594, 4 (4th Cir. 2006) (*quoting Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).  A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties.  *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992).

Here RLI seeks the following remedy: "to the extent RLI, as AFI's surety, *may be* liable, in part, to Towson University for the improper installation of the panels, it is entitled to

contribution and common-law indemnity from...[WRA]."  Am. Compl.

Count 8 ¶ 2 (emphasis added).  RLI's claim is predicated upon a

future event which may never occur: a finding in favor of Towson

University in a suit that has not been filed.  Accordingly, RLI's

claim for contribution or common-law indemnity is dismissed.

III. Conclusion

For the reasons stated above, WRA owed no duty to RLI.

Accordingly, the claim against WRA for negligence will be

dismissed.  Also, as RLI's claim for contribution and common-law

indemnity is not ripe, it will be dismissed.

September 7, 2006                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge